*Pro Per*

FILED _____ ENTERED
_____ LODGED _____ RECEIVED

JAN 0 5 2026    MH

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                        DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Cody R. Hart, Derrill J. Fussell, and Larry R. Jensen<br><br>        Plaintiffs,<br><br>    vs.<br><br>STATE OF WASHINGTON; and KARL D. SMITH, in his official capacity as Deputy Solicitor General of the Washington State Attorney General's Office,<br><br>        Defendant(s) | Case No.   2:26-cv-00019-LK<br><br>**COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS (42 U.S.C. § 1983)**<br><br>**JURY TRIAL DEMANDED** |

### I. INTRODUCTION

1. Plaintiffs Cody R. Hart, Derrill J. Fussell, and Larry R. Jensen bring this action under 42 U.S.C. § 1983 against Defendants State of Washington and Karl D. Smith in his official capacity for prospective declaratory and injunctive relief. Defendants' ongoing actions and policies in recall proceedings—including those implemented through Defendant Smith under RCW 29A.56.130(2)—violate Plaintiffs First Amendment right to petition for redress of grievances and Fourteenth Amendment rights to procedural due process and meaningful access to courts

Complaint                                1

*Pro Per*

2. These violations arise from the State's enforcement of recall procedures via the Attorney General's Office, as evidenced in Skagit County Superior Court proceedings (Case No. 25-2-01449-29 and subsequent matters). Threats of sanctions and improper procedures chill Plaintiffs protected activity. See Meyer v. Grant, 486 U.S. 414, 422 (1988).

3. Plaintiffs allege that Defendant Smith's actions are ultra vires, as he is not the elected Attorney General and there is no public record confirming his lawful appointment as Assistant Attorney General or Deputy Solicitor General, rendering such actions void absent proper qualification. See Ryder v. United States, 515 U.S. 177, 182-83 (1995); Norton v. Shelby County, 118 U.S. 425, 442 (1886). This suit seeks prospective relief under Ex parte Young, 209 U.S. 123 (1908).

## II. JURISDICTION AND VENUE

4. Jurisdiction exists under 28 U.S.C. §§ 1331 and 1343(a)(3).

5. Venue is proper under 28 U.S.C. § 1391(b)

## III. PARTIES

6. Plaintiffs Cody R. Hart, Derrill J. Fussell, and Larry R. Jensen are Skagit County residents and registered voters with standing for recalls. See In re Recall of West, 155 Wn.2d 659, 666 (2005).

7. Defendant State of Washington is sued for prospective relief related to its enforcement of recall statutes through the Attorney General's Office.

8. Defendant Karl D. Smith purports to act under color of state law in recall matters. He is sued officially for prospective relief. See Ex parte Young, 209 U.S. 123

## IV. FACTUAL ALLEGATIONS

**A. Qualification Challenge**

9. Defendant Smith is not the elected Attorney General. His claimed authority as Deputy Solicitor General requires appointment and oath compliance (Wash. Const. art. IV, § 28;

Complaint                                    2

*Pro Per*

RCW 43.10.040; RCW 43.01.020). Plaintiffs allege no public record exists of such as a lawful appointment, making his actions unauthorized. Ryder, 515 U.S. at 182; Norton, 118 U.S. at 442.

**B. Recall Proceedings and Violations**

10. Plaintiffs filed separate recalls alleging Skagit County Public Officials committed misfeasance and violations of Oath of Office.

11. Through Defendant Smith, the State certified synopses, coordinated service, and threatened sanctions despite objections and RCW cost-free provisions. For example, in communications dated December 28, 2025, Defendant Smith emailed Plaintiff and Larry Jensen (a fellow Skagit County resident involved in related land use disputes) explaining personal service arrangements but warning that the office may seek sanctions for responding to "frivolous arguments," citing prior motions with non-existent citations— threats that extend a pattern of intimidation seen in matters involving Derrill Fussell (a Skagit County commissioner candidate with overlapping litigation against county officials).

12. Service of the summons was issued with no case number; the complaint, petition, and all documents served with the summons had no case number assigned, printed, or indicated, rendering service insufficient and proceedings jurisdictionally defective under CR 3 (commencement by service or filing), CR 4 (process), and due process requirements. See Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950). This led to ex parte hearings and sanctions, chilling speech. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); NAACP v. Button, 371 U.S. 415, 433 (1963).

13. Violations continue with planned actions, including threats in emails to multiple petitioners.

Complaint                                    3

*Pro Per*

## V. CAUSES OF ACTION

### COUNT I: FIRST AMENDMENT RETALIATION AND CHILLING

14. Reincorporating paragraphs 1-13, Defendants' threats and policies retaliate against protected activity. Hartman v. Moore, 547 U.S. 250, 256 (2006).

### COUNT II: FIRST AMENDMENT RETALIATION AND CHILLING

15. Reincorporating paragraphs 1-13, Defendants deprive fair process. Mathews v. Eldridge, 424 U.S. 319, 333 (1976).

### COUNT III: DENIAL OF ACCESS TO COURTS

16. Reincorporating paragraphs 1-13, actions deny meaningful access. Christopher v. Harbury, 536 U.S. 403, 415 (2002)

### COUNT IV: ULTRA VIRES ACTIONS (DECLARATORY RELIEF)

17. Reincorporating ¶¶ 1-13, Defendant Smith's lack of recorded appointment renders actions void. Ryder, 515 U.S. 177; Norton, 118 U.S. 425.

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request:

A. Declaratory judgment that Defendants' policies and actions violate Plaintiff's rights;

B. Declaratory judgment that actions through Defendant Smith are ultra vires and void due to lack of proper lawful appointment and public records thereof;

C. Injunctive relief enjoining Defendants from threats of sanctions, improper procedures (including service without cause number), and unqualified proceedings in recall matters;

D. Costs and fees under 42 U.S.C. § 1988;

E. Other just relief.

## JURY DEMAND

Plaintiffs demand jury trial on triable issues

Complaint                                         4

*Pro Per*

Dated this 4th day of January, 2026.

Respectfully submitted by,

_____

Cody Hart, *Pro per*
901 Metcalf Street #71
Sedro Woolley WA [98284]

_____

Derrill J. Fussell, *Pro per*
c/o P O Box 711
Clearlake WA [98235]

_____

Larry R. Jensen. *Pro per*
15356 Produce Lane,
Mount Vernon WA [98237]

Complaint                                    5