*Pro Per*

_____FILED _____ENTERED
_____LODGED _____RECEIVED

MAR 31 2026  LS

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                         DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE WESTERN DISTRICT OF WASHINGTON

Cody R. Hart, Derrill J. Fussell, Steven M. Rindal, Timothy Garrison, Kathrine Anne LaFreniere, and Kevin Ewing, Plaintiffs,

     Plaintiffs,

vs.

STATE OF WASHINGTON; and KARL D. SMITH, in his official capacity as Deputy Solicitor General of the Washington State Attorney General's Office,

     Defendant(s)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No. 26-cv-019-MLP**

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT INJUNCTIVE RELIEF VIOLATION OF COURT RULES PURSUANT TO 42 U.S.C. § 1983**

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF
## VIOLATION OF COURT RULES, FIRST AND FOURTEENTH AMENDMENTS PURSUANT TO 42 U.S.C. § 1983

Plaintiffs Cody R. Hart, Derrill J. Fussell, Steven M. Rindal, Timothy Garrison, Kathrine Anne LaFreniere, and Kevin Ewing, *in propria persona* (pro per), file this Amended Complaint against Defendant Karl D. Smith for systematic violations of Washington and federal court rules, the United States Constitution, and 42 U.S.C. § 1983. All factual allegations herein are supported

*Pro Per*

by undisputed court records from the underlying recall proceedings in Skagit County Superior Court, including: docket entries, clerk's minutes, formal orders entered by the court, and documentary evidence filed in those proceedings. This Amended Complaint is filed to incorporate clarifications, corrections, and additional factual detail that strengthen each cause of action and demonstrate that each claim satisfies the plausibility standard of *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### SUMMARY OF CLAIMS

This case involves the systematic violation of six citizens' constitutional rights through deliberate violations of court rules by Karl D. Smith, an alleged Deputy Solicitor General for whom no public record establishes a lawful appointive position. Smith weaponized state recall proceedings to punish political speech. Defendant Karl D. Smith used his position to threaten, sanction, and financially punish Plaintiffs for exercising their fundamental right to petition the government for the recall of elected officials—a right expressly protected by both the First Amendment and Washington Constitution Article I, Sections 33 and 34.

Under RCW 29A.56.130, the Attorney General is required to prepare the ballot synopsis for recall petitions. Plaintiffs challenged that Karl Smith was never lawfully qualified to prepare the ballot synopsis, and Smith has failed to prove that he was. While Smith did provide documentation purporting to show an appointment as Special Deputy Prosecuting Attorney for Skagit County, there is no public record establishing that he holds any lawful appointive position as Deputy Solicitor General. Under *Norton v. Shelby County*, 118 U.S. 425, 442 (1886), acts performed by a person lacking lawful authority are void *ab initio*.

The court rule violations are numerous and compounding. Smith served defective summonses bearing no case numbers in violation of Civil Rules 3 and 4. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (service requirements are core due process protections). He usurped court scheduling functions reserved exclusively to Court Administration

Amended Complaint                                    **2**                                    26-cv-019

Pro Per

under Skagit County Local Administrative Rules 0.3(a). He provided contradictory and misleading hearing date information that caused Plaintiffs' non-appearance. He sent a preemptive email threatening sanctions before Plaintiffs even filed their recall petitions, creating a deliberate chilling effect on protected political speech. *See Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 67 (1963).

The lawyers for the public officials being recalled proposed sanctions and were successful, while Smith appears to have supported the sanctions and neglected his duty to address the improper motion for sanctions as retaliatory and unjustified by his own ballot synopsis determination that recall grounds existed. As an officer of the court and a member of the Washington State Bar, Smith had an affirmative duty under RPC 3.3 and RPC 8.4 to address procedural violations committed by the Skagit County attorneys and allowed by the Court. By failing to object to the sanctions when his own analysis indicated that the recall charges had legal sufficiency, Smith violated his ethical obligations and actively participated in the constitutional deprivation. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984) (duty of competent representation); *Nix v. Whiteside*, 475 U.S. 157, 174 (1986) (attorney's duty of candor to the tribunal).

He permitted the recall targets' own attorneys to draft the sanctions orders—a fundamental conflict of interest. *See Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876 (2009). And these financial penalties were imposed in direct violation of Washington Constitution Article I, Section 34's categorical mandate that recall proceedings be conducted "without cost to any party whatsoever."

Plaintiffs bring four causes of action: (1) Declaratory Judgment that Smith lacked valid jurisdiction to act and that all court rule violations render the proceedings void; (2) First Amendment Retaliation for exercise of the right to petition; (3) Fourteenth Amendment Due Process violations for denial of notice and opportunity to be heard through systematic court rule violations; and (4) Injunctive Relief to prevent continued retaliatory conduct. Each claim is supported by element-by-element analysis, binding authority, and undisputed court records, and

Amended Complaint                                      **3**                                      26-cv-019

*Pro Per*

each satisfies the plausibility standard required to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

## I. INTRODUCTION

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 seeking declaratory judgment and injunctive relief. Plaintiffs are citizens, registered voters, and residents of Skagit County, Washington who exercised their constitutionally protected right to petition the government for the recall of elected officials under Washington Constitution Article I, Sections 33 and 34, and the implementing legislation codified in RCW 29A.56.110 *et seq.* Plaintiffs' exercise of this fundamental right was met with retaliation, systematic court rule violations, procedural abuse, and financial sanctions imposed in violation of their constitutional rights under the First and Fourteenth Amendments to the United States Constitution.

2. Defendant Karl D. Smith purports to serve as Deputy Solicitor General of the Washington State Attorney General's Office, WSBA No. 41988, with a business address at 1125 Washington Street SE, PO Box 40100, Olympia, WA 98504-0100, and email address Karl.smith@atg.wa.gov. However, there is no public record establishing that Smith is lawfully in any appointive position as Deputy Solicitor General. While Smith did provide documentation purporting to show an appointment as Special Deputy Prosecuting Attorney for Skagit County, his authority to prepare the ballot synopsis under RCW 29A.56.130 and to prosecute recall sufficiency proceedings remains challenged. Smith initiated and prosecuted recall sufficiency proceedings in Skagit County Superior Court against Plaintiffs, acting under color of state law, and in doing so committed a systematic cascade of court rule violations that deprived each Plaintiff of constitutionally guaranteed rights.

3. This Amended Complaint is specifically pleaded to satisfy the plausibility standard of *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Every cause of action identifies specific constitutional and rule-based violations,

Amended Complaint                                         4                                         26-cv-019

*Pro Per*

specific conduct by the Defendant, specific dates, specific case numbers, specific exhibits, specific dollar amounts, and specific harm. The factual allegations are not conclusory; they are supported by undisputed court records including docket entries, clerk's minutes, formal orders, and documentary evidence. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (pro se complaints held to less stringent standards and liberally construed).

## II. SUMMARY OF ALLEGATIONS

4. In late December 2025 and early January 2026, Plaintiffs individually filed recall petitions in Skagit County Superior Court against Richard A. Weyrich, Prosecuting Attorney for Skagit County, and Skagit County Commissioners Ron Wesen, Peter Browning, and Lisa Janicki, pursuant to RCW 29A.56.110 and Washington Constitution Article I, Sections 33–34. Each recall petition set forth specific allegations of misfeasance in office.

5. On December 26, 2025—*before the new recall petitions had even been filed*—Smith emailed Plaintiff Hart with an explicit threat: "I want to provide notice that our office may request sanctions if we have to respond to frivolous arguments about the forum." This threat was deliberately calculated to chill Plaintiffs' exercise of First Amendment petition rights by announcing in advance that engaging in procedural arguments would result in financial punishment. *See Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 67 (1963) (government threats that chill speech are actionable under the First Amendment).

6. Upon assignment, a systematic pattern of court rule violations commenced. On December 30, 2025, Smith served summonses bearing no case number whatsoever—a defect that violated Civil Rule 3 (every civil action commenced by filing complaint with case number) and CR 4(a)–(b) (summons must contain case number and be numbered consecutively by the clerk), rendering proper service impossible. Simultaneously, Smith unilaterally filed "Notes for Calendar" purporting to set hearing dates, a function reserved to Court Administration under Skagit County

Amended Complaint                               5                               26-cv-019

*Pro Per*

Local Administrative Rules 0.3(a) ("Court Administration shall set hearing dates in all civil cases").

**A. The January 15, 2026 Hearing Before Judge Dingledy (Hart's Case)**

7. On January 15, 2026, a hearing lasting only 30 minutes (9:02–9:32 a.m.) for Plaintiff Hart's case, No. 26-2-00009-29, was conducted via Zoom by Judge Dingledy of Snohomish County to supposedly hear the recall sufficiency challenge. Plaintiffs were listed as "NOT Present" in the clerk's minutes. The recall targets' attorneys, Frederick A. Haist (WSBA No. 48937) and Richard E. Pedersen (WSBA No. 20015), moved for sanctions. At the conclusion of the hearing, Judge Dingledy ruled on sanctions that *had not been noted for calendar* in violation of Skagit County Local Rules—not only ruling against Hart, the only party in that case, but ruling jointly and severally against Plaintiffs Fussell, Rindal, and LaFreniere in other recall cases not assigned to Dingledy, including Cases Nos. 26-2-00010-29, 26-2-00011-29, 26-2-00012-29, and 26-2-00013-29. Each Plaintiff was ruled personally liable for $5,348.22 even though none of the other Plaintiffs was a party to Hart's case, none had been summoned to appear in Hart's case, and none had been given the opportunity to defend against the sanctions. *See Armstrong v. Manzo*, 380 U.S. 545, 552 (1965) ("the right to be heard before being condemned to suffer grievous loss of any kind . . . is a principle basic to our society").

**B. The January 15, 2026 Hearings Before Judge Okrent (Rindal and LaFreniere Cases)**

8. On January 15, 2026, between 10:00–10:05 a.m., hearings for two Plaintiffs' distinct cases—Rindal (Case No. 26-2-00012-29) and LaFreniere (Case No. 26-2-00013-29)—were conducted via Zoom by Judge Okrent of Snohomish County to supposedly hear the recall sufficiency challenges. As a result of the inadequate service and notice of the hearing, Rindal and LaFreniere were not present. Plaintiffs were absent not because they were disinterested or willfully absent, but because they had received and relied on contradictory official court communications about the hearing date. In approximately five minutes, Judge Okrent addressed both cases and

Amended Complaint                                6                                26-cv-019

ruled on sanctions that had not been noted for calendar, not only ruling against Rindal and LaFreniere but ruling jointly and severally against Plaintiffs Hart, Fussell, Rindal, and LaFreniere in Cases Nos. 26-2-00009-29, 26-2-00010-29, 26-2-00011-29, 26-2-00012-29, and 26-2-00013-29, ruling each were personally liable for the $5,348.22 even though Hart had already been heard by Dingledy and none of the other defendants were a party to either the Rindal or LaFreniere cases, none had been summoned to appear, and none had been given the opportunity to defend against the sanctions. This constitutes a textbook due process violation. *See Fuentes v. Shevin*, 407 U.S. 67, 80–81 (1972); *Goldberg v. Kelly*, 397 U.S. 254, 267–68 (1970).

**C. The January 26, 2026 Hearing: Ewing's Case**

9. On January 26, 2026, between 9:03–9:16 a.m., Plaintiff Ewing was subjected to a separate hearing in Case No. 26-2-00085-29, again conducted via Zoom by Judge Okrent, where identical sanctions of $5,348.22 were also imposed jointly and severally against Plaintiffs Hart, Fussell, Rindal, LaFreniere, and Garrison in Cases Nos. 26-2-00009-29, 26-2-00010-29, 26-2-00011-29, 26-2-00012-29, 26-2-00013-29, and 26-2-00086-29, ruling each were personally liable for $5,348.22 even though Hart had already been heard by Dingledy and none of the other Plaintiffs were a party to the Ewing case, none had been summoned to appear in Ewing's case, and none had been given the opportunity to defend against the sanctions.

**D. The January 26, 2026 Hearing: Garrison's Case**

10. On January 26, 2026, at 9:16 a.m., Plaintiff Garrison was subjected to a separate sanctions hearing in Case No. 26-2-00086-29, again conducted via Zoom by Judge Okrent. Although Okrent had just issued $5,348.22 in sanctions against Garrison jointly and severally in the Ewing case (26-2-00085-29), Judge Okrent concluded that Garrison's own complaint in his own case, Case No. 26-2-00086-29, *did not warrant sanctions*. This internal contradiction— sanctioning Garrison in another person's case while finding his own filing non-sanctionable— demonstrates the arbitrary and capricious nature of the entire sanctions scheme and further

*Pro Per*

confirms the due process violations. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (arbitrary treatment of individuals violates equal protection).

11. **All of these acts occurred in violation of Washington Constitution Article I, Section 34's categorical mandate that recall proceedings be conducted "without cost to any party whatsoever."** The sanctions of $5,348.22 imposed against each Plaintiff are costs directly arising from recall proceedings and are constitutionally prohibited.

12. Smith, as a member of the Washington State Bar and alleged representative of the Attorney General's Office, had an affirmative duty under RPC 3.3(a) (candor toward the tribunal), RPC 3.4 (fairness to opposing party and counsel), and RPC 8.4(d) (conduct prejudicial to the administration of justice) to address the procedural violations committed by the Skagit County attorneys and allowed by the Court. By failing to object when sanctions were sought against non-parties across cases, when sanctions had not been noted for calendar, and when his own ballot synopsis analysis indicated that the recall charges had legal sufficiency, Smith violated his ethical obligations and participated in the deprivation of Plaintiffs' constitutional rights. *See Berger v. United States*, 295 U.S. 78, 88 (1935) ("[A government representative] may prosecute with earnestness and vigor—indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones.").

## III. JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), because this action arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001). This Court also has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) and (4), which provides jurisdiction for civil rights actions to redress deprivations of rights secured by the Constitution. *See Patsy v. Board of Regents*, 457 U.S. 496, 516 (1982) (exhaustion of state remedies not required for § 1983 actions).

*Pro Per*

14. Supplemental jurisdiction over state constitutional claims is proper under 28 U.S.C. § 1367 because the state claims arise from the same nucleus of operative facts as the federal claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004).

15. Venue is proper pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the claims occurred in the Western District of Washington, and Defendant Smith resides and works in this district.

16. Declaratory relief is authorized under 28 U.S.C. §§ 2201–2202 and Fed. R. Civ. P. 57. An actual controversy exists between the parties regarding the validity of Defendant Smith's jurisdiction to act, the constitutionality of his conduct, and the validity of the sanctions imposed. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126–27 (2007); *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41 (1937).

17. Injunctive relief is authorized under Fed. R. Civ. P. 65 and the Court's inherent equitable powers. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

18. Official-capacity claims against Defendant Smith are not barred by the Eleventh Amendment. *See Ex parte Young*, 209 U.S. 123, 156 (1908) (suits for prospective injunctive relief against state officers in official capacity are not barred by sovereign immunity). Individual-capacity claims are not barred under *Hafer v. Melo*, 502 U.S. 21, 31 (1991).

19. This action is timely filed. The statute of limitations for § 1983 claims in Washington is three years, borrowing from RCW 4.16.080(2). *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002). The conduct at issue occurred in December 2025 and January 2026.

### IV. PARTIES

20. **Cody R. Hart** is a natural person, citizen of the United States, resident and registered voter of Skagit County, Washington. Plaintiff Hart filed a recall petition in Case No. 26-2-00009-

Amended Complaint                                    **9**                                    26-cv-019

*Pro Per*

29, Skagit County Superior Court, against Richard A. Weyrich, Prosecuting Attorney. Hart is pro per.

21. **Derrill J. Fussell** is a natural person, citizen of the United States, resident and registered voter of Skagit County, Washington. Plaintiff Fussell filed recall petitions in Cases Nos. 26-2-00011-29, Skagit County Superior Court. Fussell is pro per.

22. **Steven M. Rindal** is a natural person, citizen of the United States, resident and registered voter of Skagit County, Washington. Plaintiff Rindal filed a recall petition in Case No. 26-2-00012-29, Skagit County Superior Court. Rindal is pro per.

23. **Timothy Garrison** is a natural person, citizen of the United States, resident and registered voter of Skagit County, Washington. Plaintiff Garrison filed a recall petition in Case No. 26-2-00086-29, Skagit County Superior Court. Garrison is pro per.

24. **Kathrine Anne LaFreniere** is a natural person, citizen of the United States, resident and registered voter of Skagit County, Washington. Plaintiff LaFreniere filed a recall petition in Case No. 26-2-00013-29, Skagit County Superior Court. LaFreniere is pro per.

25. **Kevin Ewing** is a natural person, citizen of the United States, resident and registered voter of Skagit County, Washington. Plaintiff Ewing filed a recall petition in Case No. 26-2-00085-29, Skagit County Superior Court. Ewing is pro per.

26. Each Plaintiff has standing under *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992): (1) *injury in fact*—concrete financial harm ($5,348.22 sanctions) and chilling of First Amendment rights; (2) *causation*—directly traceable to Defendant Smith's court rule violations and conduct; and (3) *redressability*—declaratory and injunctive relief would remedy the constitutional violations. *See also Spokeo, Inc. v. Robins*, 578 U.S. 330, 338–39 (2016); *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423–24 (2021). These injuries are concrete, particularized, actual, and not hypothetical—they are reflected in enforceable money judgments against each Plaintiff individually.

*Pro Per*

27. **Defendant Karl D. Smith** is a natural person and attorney licensed to practice law in Washington State, WSBA No. 41988. Smith purports to hold the position of Deputy Solicitor General with the Washington State Attorney General's Office. There is no public record establishing that he is lawfully in any appointive position as Deputy Solicitor General. While Smith did provide documentation purporting to show an appointment as Special Deputy Prosecuting Attorney for Skagit County, Plaintiffs challenge that this appointment was valid and that Smith was lawfully qualified to prepare the ballot synopsis under RCW 29A.56.130. At all relevant times, Smith acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48–50 (1988); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935–37 (1982).

## V. FACTUAL ALLEGATIONS

### A. Washington's Constitutional Recall Framework and Cost-Free Proceedings

28. Washington Constitution Article I, Section 33, provides: "Every public officer in the state of Washington is subject to recall and discharge by the legal voters." This provision establishes recall as a fundamental democratic right. *See In re Recall of Pearsall-Stipek*, 136 Wash.2d 255, 261 (1998) (recall is "a fundamental right of the people").

29. Washington Constitution Article I, Section 34, mandates that recall elections "shall be conducted . . . without cost to any party whatsoever." This language is the broadest possible prohibition on costs in recall proceedings. It does not say "without certain costs" or "without filing costs." It says "without cost to any party whatsoever." *See State v. Gunwall*, 106 Wash.2d 54, 58 (1986) (Washington Constitution may provide broader protections than federal counterpart).

30. RCW 29A.56.110 establishes the statutory framework for recall. RCW 29A.56.130 requires that the Attorney General prepare the ballot synopsis. RCW 29A.56.140 provides procedures for determining sufficiency of recall petitions. Critically, RCW 29A.56.140 contains no authorization for the imposition of sanctions, costs, or fees against recall petitioners—consistent with the constitutional mandate of Article I, Section 34.

Amended Complaint                                    11                                    26-cv-019

*Pro Per*

## B. Defendant Smith's Claimed Authority and Qualification to Act

31. Defendant Smith purported to act as both Deputy Solicitor General and Special Deputy Prosecuting Attorney for Skagit County. While Smith did provide documentation purporting to show an appointment as Special Deputy Prosecuting Attorney, there is no public record establishing that he holds any lawful appointive position as Deputy Solicitor General or Assistant Attorney General. Plaintiffs have challenged that Smith was never lawfully qualified to prepare the ballot synopsis under RCW 29A.56.130, and Smith has failed to prove that he was. Washington Constitution Article IV, Section 28 requires every person appointed to office to take and subscribe the constitutional oath of office. RCW 43.01.020 requires every state officer to take the oath. *See State ex rel. Carroll v. Munson*, 22 Wash. 187, 60 P. 422 (1900) (officer who has not properly qualified cannot exercise powers of office); *Norton v. Shelby County*, 118 U.S. 425, 442 (1886) (acts by person lacking lawful appointment are void *ab initio*).

## C. December 26, 2025 Email Threatening Sanctions

32. On December 26, 2025, before Plaintiffs had even filed their new recall petitions, Defendant Smith emailed Plaintiff Hart: "I want to provide notice that our office may request sanctions if we have to respond to frivolous arguments about the forum." This email constitutes an explicit threat of retaliation designed to chill First Amendment rights. *See Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 67 (1963); *Backpage.com, LLC v. Dart*, 807 F.3d 229, 235–36 (7th Cir. 2015); *Laird v. Tatum*, 408 U.S. 1, 11 (1972) (chilling effect on First Amendment rights is cognizable injury).

## D. Systematic Court Rule Violations

33. **Defective Service (CR 3, CR 4):** On December 30, 2025, Smith served summonses on Plaintiffs bearing no case number whatsoever. CR 3 requires case numbers on all filings. CR 4(a) requires summonses to contain the case number. CR 4(b) requires summonses to be numbered consecutively by the clerk. This defect was identical across all six cases—indicating a systematic

*Pro Per*

pattern rather than inadvertent error. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

34. **Unauthorized Scheduling (SCLAR 0.3(a)):** Skagit County Local Administrative Rules 0.3(a) provides: "Court Administration shall set hearing dates in all civil cases." On January 7, 2026, Smith unilaterally filed a "Note for Special Set Hearing" purporting to set a hearing date of January 16, 2026—a function reserved exclusively to Court Administration. Court Administrator Wadkins issued an errata the same day, and multiple competing notices circulated with different dates.

35. **Violation of Nine-Court-Day Notice Requirement (SCLAR 0.3(a)):** The January 15, 2026 hearing was set with only eight (8) calendar days' notice, in direct violation of SCLAR 0.3(a)'s explicit nine-court-day requirement. Between December 30, 2025, and January 15, 2026, the Court was closed for New Year's Day and weekends, yielding fewer than nine court days. *See Fuentes v. Shevin*, 407 U.S. 67, 80–81 (1972) (adequate notice is a fundamental due process requirement).

36. **Contradictory Hearing Date Information:** Court communications indicated hearings would be held on January 16, 2026. The actual hearings were conducted on January 15, 2026. Plaintiffs who relied on the court's own written communications were not present on January 15. Smith bore responsibility for this confusion by filing unauthorized scheduling notices that conflicted with Court Administration's communications.

37. **Sanctions Not Noted for Calendar:** In each of the recall hearings, the court ruled on sanctions that had not been noted for calendar in violation of local rules. The hearings were noticed only for recall sufficiency determination, not for sanctions motions. Plaintiffs had no notice that sanctions would be at issue and therefore had no opportunity to prepare a defense against them.

38. **Cross-Case Sanctions Against Non-Parties:** In each hearing, the presiding judge imposed sanctions jointly and severally against Plaintiffs who were not parties to the case being

Amended Complaint                                      **13**                                      26-cv-019

*Pro Per*

heard, had not been summoned to appear, and had not been given the opportunity to defend. This is a fundamental violation of due process: no person may be sanctioned in a proceeding to which they are not a party without notice and opportunity to be heard. *See Mullane*, 339 U.S. at 314; *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *Hamdi v. Rumsfeld*, 542 U.S. 507, 533 (2004) (due process demands that parties receive notice and a fair opportunity to rebut allegations).

39. **Violation of CR 11(c)(2) Safe Harbor:** Washington Civil Rule 11(c)(2) provides a mandatory 21-day safe harbor before sanctions may be imposed. No safe harbor was provided. No notice under CR 11(c)(2) was given identifying specific conduct alleged to violate CR 11. The court proceeded directly to sanctions. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) (Rule 11 procedural requirements are mandatory).

40. **Sanctions Orders Drafted by Opposing Counsel:** Each sanctions order was "Presented by" the recall targets' own attorneys—the very parties seeking to crush the recall effort drafted the orders imposing penalties against the recall petitioners. There was no neutral judicial drafting. *See Tumey v. Ohio*, 273 U.S. 510, 523 (1927); *Ward v. Village of Monroeville*, 409 U.S. 57, 60 (1972); *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876 (2009).

/

/

/

/

/

/

/

/

/

/

Amended Complaint                                    14                                    26-cv-019

## VI. CAUSES OF ACTION

## FIRST CAUSE OF ACTION: DECLARATORY JUDGMENT — INVALID JURISDICTION AND VIOLATION OF COURT RULES (28 U.S.C. §§ 2201–2202)

41. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

42. An actual and justiciable controversy exists between Plaintiffs and Defendant Smith concerning: (a) whether Smith possessed valid jurisdiction and authority to initiate and prosecute the recall sufficiency proceedings; (b) whether Smith's systematic violations of court rules render the proceedings and sanctions void; and (c) whether the sanctions violate Washington Constitution Article I, Section 34. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

43. **Invalid Jurisdiction:** Smith lacked valid jurisdiction to act. There is no public record establishing Smith is lawfully in any appointive position as Assistant Attorney General or Deputy Solicitor General. Plaintiffs challenged that Smith was not lawfully qualified to prepare the ballot synopsis under RCW 29A.56.130, and Smith has failed to prove he was. Under *Norton v. Shelby County*, 118 U.S. 425, 442 (1886), all proceedings initiated by a person lacking lawful appointment are void *ab initio*. This is not a conclusory allegation; it is based on the verified absence of public records and Smith's failure to respond to formal demand for proof of appointment.

44. **Court Rule Violations Rendering Proceedings Void:** The following specific, documented court rule violations independently and collectively render the sanctions void: (a) Defective summonses without case numbers (CR 3, CR 4); (b) Unauthorized scheduling by attorney rather than Court Administration (SCLAR 0.3(a)); (c) Violation of nine-court-day notice requirement (SCLAR 0.3(a)); (d) Sanctions not noted for calendar; (e) Cross-case sanctions against non-parties without notice or opportunity to be heard; (f) No CR 11(c)(2) 21-day safe harbor; (g) Sanctions orders drafted by opposing counsel. Each of these violations is documented in undisputed court records. *See Peralta v. Heights Medical Center*, 485 U.S. 80, 86–87 (1988) (judgment entered without proper service is void and must be set aside).

*Pro Per*

45. **Sanctions Violate WA Const. Art. I, § 34:** The $5,348.22 sanctions imposed against each Plaintiff are costs arising directly from recall proceedings, in direct violation of Article I, Section 34's mandate that recall proceedings be conducted "without cost to any party whatsoever." RCW 4.84.185, which ordinarily authorizes sanctions for frivolous filings, conflicts with the constitutional requirement and therefore does not apply to recall proceedings. *See State v. Gunwall*, 106 Wash.2d 54, 58 (1986).

46. Declaratory relief will serve a useful purpose by settling the controversy, protecting Plaintiffs' rights, and providing guidance for future recall proceedings. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 286–87 (1995). This claim is not barred by the Rooker-Feldman doctrine because Plaintiffs challenge Smith's independent unconstitutional conduct under color of law— not the state court's judgment. *See Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003); *Skinner v. Switzer*, 562 U.S. 521, 532 (2011); *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).

## SECOND CAUSE OF ACTION: RETALIATION AGAINST EXERCISE OF FIRST AMENDMENT RIGHT TO PETITION (42 U.S.C. § 1983)

47. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

48. To establish a First Amendment retaliation claim under § 1983, Plaintiffs must show: (1) they engaged in constitutionally protected activity; (2) Defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) the protected activity was a substantial or motivating factor in Defendant's conduct. *Nieves v. Bartlett*, 587 U.S. 391, 398 (2019); *Hartman v. Moore*, 547 U.S. 250, 256 (2006).

49. **Element One — Protected Activity:** Plaintiffs engaged in constitutionally protected activity by filing recall petitions under Washington Constitution Article I, Sections 33–34 and RCW 29A.56.110. *See Meyer v. Grant*, 486 U.S. 414, 422 (1988) (petition circulation is "core

Amended Complaint                    **16**                    26-cv-019

*Pro Per*

political speech"); *Buckley v. American Constitutional Law Foundation*, 525 U.S. 182, 186 (1999); *Borough of Duryea v. Guarnieri*, 564 U.S. 379, 388 (2011).

50. **Element Two — Adverse Action Sufficient to Chill:** Smith explicitly threatened sanctions on December 26, 2025, then obtained identical sanctions of $5,348.22 against each Plaintiff—all while engaging in systematic court rule violations that denied Plaintiffs the ability to defend themselves. Financial sanctions of this magnitude constitute severe adverse action. *See Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir. 1999); *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005).

51. **Element Three — Causal Connection:** Smith warned of sanctions if Plaintiffs engaged in procedural arguments. Plaintiffs were then sanctioned. The temporal proximity between Smith's threat and the sanctions establishes causation. *See Hartman*, 547 U.S. at 260; *Coszalter v. City of Salem*, 320 F.3d 968, 977 (9th Cir. 2003). The pattern of prior prosecutions of these same petitioners (Cases 23-CV-00309-MJP, 23-CV-00311-MJP, 23-CV-00312-MJP, 23-CV-00832-MJP, 23-CV-00884-MJP, and Y23-0999) further demonstrates retaliatory motive. *See Nieves*, 587 U.S. at 404–05.

52. Smith is not entitled to qualified immunity. The right to petition government without retaliation has been clearly established since *NAACP v. Button*, 371 U.S. 415, 429 (1963). No reasonable official could have believed that threatening and then imposing sanctions against recall petitioners was lawful. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Smith was not exercising legitimate prosecutorial discretion but was engaging in retaliation. Absolute prosecutorial immunity under *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), does not apply because Smith's conduct—sending threatening emails, serving defective summonses, usurping scheduling functions—constitutes investigative and administrative functions, not advocacy. *See Burns v. Reed*, 500 U.S. 478, 492 (1991); *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997).

*Pro Per*

## THIRD CAUSE OF ACTION: VIOLATION OF FOURTEENTH AMENDMENT

## DUE PROCESS (42 U.S.C. § 1983)

53. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

54. To establish a procedural due process claim under § 1983, Plaintiffs must show: (1) a deprivation of a protected liberty or property interest; (2) by a person acting under color of state law; and (3) without adequate process. *Mathews v. Eldridge*, 424 U.S. 319, 332–33 (1976).

55. **Element One — Protected Interest:** Plaintiffs possessed a property interest in freedom from monetary sanctions imposed without due process. The $5,348.22 sanctions constitute enforceable judgments—a concrete deprivation of property. *See Connecticut v. Doehr*, 501 U.S. 1, 12 (1991); *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972).

56. **Element Two — Under Color of State Law:** Defendant Smith acted under color of state law at all relevant times. *West v. Atkins*, 487 U.S. 42, 48–50 (1988).

57. **Element Three — Inadequate Process:** Defendant Smith's systematic court rule violations deprived Plaintiffs of constitutionally adequate process in the following independently sufficient ways, each supported by undisputed court records:

(a) **Inadequate Notice:** Only eight calendar days' notice, violating SCLAR 0.3(a)'s nine-court-day requirement. Contradictory hearing date information from the court. *See Mullane*, 339 U.S. at 314.

(b) **Denial of Meaningful Opportunity to Be Heard:** The January 15 hearing lasted only 30 minutes for multiple cases. Plaintiffs were absent due to contradictory information. Sanctions were imposed against non-parties who had no opportunity to defend. *See Goldberg v. Kelly*, 397 U.S. 254, 267–68 (1970); *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965).

(c) **Defective Service:** Summonses without case numbers violated CR 3 and CR 4. *See Peralta v. Heights Medical Center*, 485 U.S. 80, 86–87 (1988).

Pro Per

**(d) No CR 11(c)(2) Safe Harbor:** No 21-day safe harbor was provided. *See Cooter & Gell*, 496 U.S. at 393.

**(e) Biased Order-Drafting:** Sanctions orders drafted by recall targets' own attorneys. *See Tumey*, 273 U.S. at 523; *Caperton*, 556 U.S. at 876.

**(f) Cross-Case Sanctions Without Notice:** Sanctions imposed against non-parties across cases without summons or opportunity to defend—the most fundamental due process violation. *See Hamdi v. Rumsfeld*, 542 U.S. 507, 533 (2004).

58. The *Mathews v. Eldridge* balancing test weighs decisively in Plaintiffs' favor: (1) the private interest—$5,348.22 per Plaintiff plus chilling of constitutional rights—is substantial; (2) the risk of erroneous deprivation through the procedures used is extremely high; and (3) the government interest in expedited proceedings is minimal compared to Plaintiffs' liberty and property interests. *Mathews*, 424 U.S. at 335.

## FOURTH CAUSE OF ACTION: INJUNCTIVE RELIEF

59. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

60. Plaintiffs are entitled to permanent injunctive relief under the four-factor test of *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008): (1) Plaintiffs are likely to succeed on the merits; (2) Plaintiffs face irreparable harm—deprivation of fundamental constitutional rights cannot be adequately compensated by damages; (3) the balance of hardships favors Plaintiffs; and (4) an injunction is in the public interest. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury"); *Nelson v. NASA*, 530 F.3d 865, 882 (9th Cir. 2008).

**VII. PREEMPTIVE RESPONSES TO ANTICIPATED RULE 12(B)(6) DEFENSES**

This section addresses defenses Defendant is likely to raise by motion to dismiss under Fed. R. Civ. P. 12(b)(6), demonstrating that none defeats any claim at the pleading stage. Under *Iqbal*, 556 U.S. at 678, a complaint must contain "sufficient factual matter, accepted as true, to

Amended Complaint                    **19**                    26-cv-019

*Pro Per*

state a claim to relief that is plausible on its face." This Amended Complaint exceeds that standard. Under the Ninth Circuit's liberal construction mandate for pro se litigants, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), the standard is even more favorable to Plaintiffs.

## A. Qualified Immunity Does Not Apply

61. Under *Pearson v. Callahan*, 555 U.S. 223, 236 (2009), qualified immunity fails on both prongs. **First prong:** The rights violated—to petition without retaliation and to due process before deprivation of property—were clearly established decades before Smith's conduct. *NAACP v. Button* (1963); *Mullane* (1950); *Mathews* (1976). **Second prong:** No reasonable official could have believed that imposing sanctions against non-parties without notice, through proceedings tainted by systematic court rule violations, was constitutional. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

## B. The Eleventh Amendment Does Not Bar This Action

62. Official-capacity claims seeking prospective injunctive relief are not barred. *Ex parte Young*, 209 U.S. 123, 156 (1908). Individual-capacity claims are not barred. *Hafer v. Melo*, 502 U.S. 21, 31 (1991).

## C. Younger Abstention Does Not Apply

63. *Younger* abstention applies only to ongoing state judicial proceedings involving important state interests where there is an adequate opportunity to raise federal claims. *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013). Here, the recall proceedings have concluded. Plaintiffs had no adequate opportunity to raise federal constitutional claims in 30-minute hearings from which they were absent.

## D. The Rooker-Feldman Doctrine Does Not Apply

64. Rooker-Feldman applies only to cases "brought by state-court losers complaining of injuries caused by state-court judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). Plaintiffs challenge Smith's *independent* unconstitutional conduct under

*Pro Per*

color of law—his threats, defective service, unauthorized scheduling, systematic court rule violations, and biased order-drafting. These are independent constitutional violations, not challenges to the state court's judgment. *See Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003); *Skinner v. Switzer*, 562 U.S. 521, 532 (2011).

**E. Res Judicata and Claim Preclusion Do Not Apply**

65. Claim preclusion requires a full and fair opportunity to litigate. *Allen v. McCurry*, 449 U.S. 90, 103–04 (1980). Plaintiffs lacked any such opportunity—they were absent from 30-minute hearings due to contradictory court communications, sanctions were imposed across cases against non-parties, and no CR 11(c)(2) safe harbor was provided. Federal constitutional claims arising under 42 U.S.C. § 1983 are not precluded by state court judgments that provided no opportunity to litigate the federal issues.

**F. Prosecutorial Immunity Does Not Apply**

66. Absolute prosecutorial immunity under *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), protects prosecutors only when they act as *advocates in judicial proceedings*. Smith's conduct— sending threatening emails, serving defective summonses, usurping scheduling functions, supporting sanctions against non-parties, failing to object to procedural violations—constitutes investigative, administrative, and ministerial functions, not advocacy. *See Burns v. Reed*, 500 U.S. 478, 492 (1991); *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

**G. This Complaint Satisfies Iqbal/Twombly Plausibility**

67. This Amended Complaint identifies: specific constitutional provisions and court rules violated; specific conduct by the Defendant on specific dates (December 26, 2025; December 30, 2025; January 7, 2026; January 15, 2026; January 22–23, 2026; January 26, 2026); specific case numbers; specific dollar amounts ($5,348.22); and specific harm documented in undisputed court records. It is not conclusory. It is the opposite of conclusory—it is a detailed, factual, record-based

*Pro Per*

pleading that more than satisfies plausibility. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570; *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (pro se complaint must be liberally construed).

## VIII. REQUEST FOR RELIEF

68. WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and against Defendant Karl D. Smith as follows:

69. **Declaratory Relief:** A declaration that Defendant Smith lacked valid jurisdiction to initiate and prosecute recall sufficiency proceedings, and that all proceedings initiated by Smith in Cases Nos. 26-2-00009-29, 26-2-00010-29, 26-2-00011-29, 26-2-00012-29, 26-2-00013-29, 26-2-00085-29, and 26-2-00086-29 are void *ab initio* for lack of lawful authority.

70. **Declaratory Relief:** A declaration that Defendant Smith's systematic violations of CR 3, CR 4, CR 11(c)(2), and SCLAR 0.3(a) render the proceedings and sanctions void for procedural defect.

71. **Declaratory Relief:** A declaration that the sanctions of $5,348.22 imposed against each Plaintiff were obtained in violation of the Fourteenth Amendment due process clause through systematic court rule violations, inadequate notice, denial of meaningful opportunity to be heard, cross-case sanctions against non-parties, and biased order-drafting.

72. **Declaratory Relief:** A declaration that Defendant Smith's December 26, 2025 email threatening sanctions violated Plaintiffs' First Amendment right to petition the government without retaliation.

73. **Declaratory Relief:** A declaration that the sanctions imposed in the recall sufficiency proceedings violate Washington Constitution Article I, Section 34, which mandates cost-free recall proceedings, and are therefore void and unenforceable.

74. **Permanent Injunctive Relief:** A permanent injunction prohibiting Defendant Smith from seeking, obtaining, or enforcing sanctions against Plaintiffs or other recall petitioners in connection with recall petitions or recall-related litigation.

*Pro Per*

75. **Permanent Injunctive Relief:** A permanent injunction prohibiting Defendant Smith from threatening, intimidating, or retaliating against any person for exercising the First Amendment right to petition the government for recall.

76. **Permanent Injunctive Relief:** A permanent injunction prohibiting Defendant Smith from initiating or prosecuting any further recall sufficiency proceedings without first demonstrating lawful authority and complying with all applicable civil rules and local administrative rules.

77. **Costs and Fees:** An award of costs and attorneys' fees pursuant to 42 U.S.C. § 1988.

78. **Additional Relief:** Such other and further relief as this Court deems just, proper, and equitable.

### IX. VERIFICATION

I/We, the undersigned, declare under penalty of perjury under the laws of the United States of America that I am/we are one or more of the Plaintiffs named in the foregoing Amended Complaint, and that the factual allegations contained therein are true and correct to my/our knowledge, except as to those matters stated on information and belief, as to which I/we believe them to be true. I/We declare that I/we have not willfully misrepresented any material fact and that the foregoing constitutes a truthful statement of the facts upon which this Amended Complaint is based.

Dated this _30th_ day of March, 2026

Cody Hart, *Pro per*
901 Metcalf Street #71
Sedro Woolley WA [98284]
County of Skagit, Washington

*Pro Per*

Timothy Garrison, *Pro per*
c/o 929 E. College Way
Mount Vernon WA [98273]
County of Skagit, Washington


Kathrine Anne LaFreniere, *Pro per*
532 Cook Road
Sedro Woolley, WA 98284
County of Skagit, Washington


Derrill J. Fussell, *Pro per*
c/o P O Box 711
Clearlake WA [98235]
County of Skagit, Washington


Kevin S. Ewing, *Pro per*
c/o P.O. Box 119
Burlington, WA 98233
County of Skagit, Washington

Steven Rindal, Pro Per
929 E College Way
Mount Vernon WA 98273

Amended Complaint                          **24**                          26-cv-019